KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
JOHN L. SCHWAB (State Bar No. 301386)
John.Schwab@mto.com
MICA L. MOORE (State Bar No. 321473)
Mica.Moore@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Netflix, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HOLLYWOOD INNOVATIONS GROUP LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC., a Delaware Corporation, ZIP CINEMA CO. LTD., a South Korean Corporation, KAKAO ENTERTAINMENT CORP., a South Korean Corporation, PERSPECTIVE PICTURES CO. LTD, a South Korean Corporation, and Does 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-9423<br><br>**DECLARATION OF KYO-HWA (LIZ) CHUNG IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION TO DISMISS**<br><br>Judge:  Hon. André Birotte Jr.<br>Ctrm:   7B |

## DECLARATION OF KYO-HWA (LIZ) CHUNG

I, Kyo-Hwa (Liz) Chung, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I could and would competently testify to the facts contained herein.

2. My title at Netflix is Director, Legal for Korea. I lead the Core Legal team in Korea, and I am an attorney admitted to practice in the courts of the Republic of Korea. After graduating from Korea University, College of Law, and passing the National Judicial Examination, I graduated from the Judicial Training and Research Institute. Thereafter, I spent four years as a judge on the Seoul Central District Court and the Seoul Administrative Court before joining a Korean law firm in 2003. I practiced law in Korea for almost a decade before obtaining my LLM from Harvard Law School. I am fluent in both Korean and English. I submit this Declaration to provide the Court with English translations of Korean law in support of Netflix's Motion to Dismiss.

3. Article 99 of the Korean Copyright Act relates to the cinematization of original works of authorship, meaning the adaptation of original works into films. Under the Act, if the holder of the author's economic right authorizes another person to exploit his or her work through a film adaptation, such right is presumed to also include the right to exploit the translation of the film adaptation. This presumption applies unless the parties expressly stipulate otherwise.

4. Attached as Exhibit A is a true and correct copy of an English translation of Article 99 of the Korean Copyright Act.

5. Articles 123, 125, and 127 of the Korean Copyright Act set forth remedies that a Plaintiff may seek to redress copyright infringement. Under Article 123, a copyright owner may file civil proceedings seeking permanent and preliminary injunctive relief against infringement. Article 125 provides that a copyright owner may claim damages for negligent or intentional infringement.

1 | Article 127 allows a copyright owner to seek measures necessary to restore
2 | reputation against a person who negligently or intentionally violated the moral rights
3 | of the copyright owner.

4 |      6.    Attached as Exhibits B, C and D are English translations of Articles
5 | 123, 125 and 127 of the Korean Copyright Act.

6 |      7.    The general statute of limitations for damages arising from an unlawful
7 | act is ten years from when the infringement took place, or three years from when the
8 | copyright owner first became aware of the damages.  There is no limitations period
9 | for injunctive relief against an ongoing infringement.

10 |      8.    I have reviewed Articles 99, 123, 125, and 127 in their original
11 | language.  The translations provided in Exhibits A–D are true and accurate.

12 |      I declare under penalty of perjury under the laws of the United States that the
13 | foregoing is true and correct and that this declaration was executed this first day of
14 | February 2022, at Seoul, Republic of Korea.

By: _____
Kyo-Hwa (Liz) Chung