UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYWOOD INNOVATIONS GROUP, LLC. | Case No.  2:21-cv-9423-TJH(GJSx) |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER[1] BETWEEN PLAINTIFF AND DEFENDANT NETFLIX, INC.** |
| NETFLIX, INC., a Delaware Corporation, ZIP CINEMA CO., LTD., a South Korean Corporation, KAKAO ENTERTAINMENT CORP., a South Korean Corporation, PERSPECTIVE PICTURES CO., LTD, a South Korean Corporation, and Does 1-10, inclusive, | |
| Defendants. | |

Plaintiff Hollywood Innovations Group, LLC and Defendant Netflix, Inc. jointly request the Court issue this Stipulated Protective Order to govern the disclosure, use and handling of Protected Material in the above-captioned case.

1.     A. PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1    may be warranted.  Accordingly, the parties hereby stipulate to and petition the

2    Court to enter the following Stipulated Protective Order.  The parties acknowledge

3    that this Order does not confer blanket protections on all disclosures or responses to

4    discovery and that the protection it affords from public disclosure and use extends

5    only to the limited information or items that are entitled to confidential treatment

6    under the applicable legal principles.

7            B. GOOD CAUSE STATEMENT

8            This action is likely to involve valuable research, development, commercial,

9    financial, technical and/or proprietary information for which special protection from

10   public disclosure and from use for any purpose other than prosecution of this action

11   is warranted.  Such confidential and proprietary materials and information consist

12   of, among other things, confidential business or financial information, information

13   regarding confidential business practices, or other confidential research,

14   development, or commercial information, information otherwise generally

15   unavailable to the public, or which may be privileged or otherwise protected from

16   disclosure under state or federal statutes, court rules, case decisions, or common

17   law.  Accordingly, to expedite the flow of information, to facilitate the prompt

18   resolution of disputes over confidentiality of discovery materials, to adequately

19   protect information the parties are entitled to keep confidential, to ensure that the

20   parties are permitted reasonable necessary uses of such material in preparation for

21   and in the conduct of trial, to address their handling at the end of the litigation, and

22   serve the ends of justice, a protective order for such information is justified in this

23   matter.  It is the intent of the parties that information will not be designated as

24   confidential for tactical reasons and that nothing be so designated without a good

25   faith belief that it has been maintained in a confidential, non-public manner, and

26   there is good cause why it should not be part of the public record of this case.

27

28

<u>C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: the above-captioned pending federal lawsuit.

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

4

pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL –

1    ATTORNEYS' EYES ONLY."

2        2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

3    Material from a Producing Party.

4    3.    <u>SCOPE</u>

5        The protections conferred by this Stipulation and Order cover not only

6    Protected Material (as defined above), but also (1) any information copied or

7    extracted from Protected Material; (2) all copies, excerpts, summaries, or

8    compilations of Protected Material; and (3) any testimony, conversations, or

9    presentations by Parties or their Counsel that might reveal Protected Material.

10   However, the protections conferred by this Stipulation and Order do not cover the

11   following information: (a) any information that is in the public domain at the time of

12   disclosure to a Receiving Party or becomes part of the public domain after its

13   disclosure to a Receiving Party as a result of publication not involving a violation of

14   this Order, including becoming part of the public record through trial or otherwise;

15   and (b) any information known to the Receiving Party prior to the disclosure or

16   obtained by the Receiving Party after the disclosure from a source who obtained the

17   information lawfully and under no obligation of confidentiality to the Designating

18   Party.

19       Any use of Protected Material at trial shall be governed by the orders of the

20   trial judge.  This Order does not govern the use of Protected Material at trial.

21   4.    <u>DURATION</u>

22       FINAL DISPOSITION of the action is defined as the conclusion of any

23   appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

24   has run.  Except as set forth below, the terms of this protective order apply through

25   FINAL DISPOSITION of the action.  The parties may stipulate that the they will be

26   contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

27   but will have to file a separate action for enforcement of the agreement once all

28   proceedings in this case are complete.

1        Once a case proceeds to trial, information that was designated as

2    CONFIDENTIAL or maintained pursuant to this protective order used or introduced

3    as an exhibit at trial becomes public and will be presumptively available to all

4    members of the public, including the press, unless compelling reasons supported by

5    specific factual findings to proceed otherwise are made to the trial judge in advance

6    of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

7    showing for sealing documents produced in discovery from "compelling reasons"

8    standard when merits-related documents are part of court record).  Accordingly, for

9    such materials, the terms of this protective order do not extend beyond the

10   commencement of the trial.

11   5.     DESIGNATING PROTECTED MATERIAL

12        5.1   Exercise of Restraint and Care in Designating Material for Protection.

13  Each Party or Non-Party that designates information or items for protection under

14  this Order must take care to limit any such designation to specific material that

15  qualifies under the appropriate standards.  To the extent it is practical to do so, the

16  Designating Party must designate for protection only those parts of material,

17  documents, items or oral or written communications that qualify so that other

18  portions of the material, documents, items or communications for which protection

19  is not warranted are not swept unjustifiably within the ambit of this Order.

20        Mass, indiscriminate or routinized designations are prohibited.  Designations

21  that are shown to be clearly unjustified or that have been made for an improper

22  purpose (e.g., to unnecessarily encumber or retard the case development process or

23  to impose unnecessary expenses and burdens on other parties) may expose the

24  Designating Party to sanctions.

25        If it comes to a Designating Party's attention that information or items that it

26  designated for protection do not qualify for protection at all or do not qualify for the

27  level of protection initially asserted, that Designating Party must promptly notify all

28  other Parties that it is withdrawing the mistaken designation.

1    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

2  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

3  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

4  under this Order must be clearly so designated before the material is disclosed or

5  produced.

6        Designation in conformity with this Order requires:

7        (a)  for information in documentary form (e.g., paper or electronic

8  documents, but excluding transcripts of depositions or other pretrial or trial

9  proceedings), that the Producing Party affix at a minimum, the legend

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY," to each page that contains protected material.  If only a portion of the

12  material on a page qualifies for protection, the Producing Party also must clearly

13  identify the protected portion(s) (e.g., by making appropriate markings in the

14  margins) and must specify, for each portion, the level of protection being asserted.

15       A Party or Non-Party that makes original documents or materials available for

16  inspection need not designate them for protection until after the inspecting Party has

17  indicated which material it would like copied and produced.  During the inspection

18  and before the designation, all of the material made available for inspection shall be

19  deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

20  inspecting Party has identified the documents it wants copied and produced, the

21  Producing Party must determine which documents, or portions thereof, qualify for

22  protection under this Order.  Then, before producing the specified documents, the

23  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

25  contains Protected Material.  If only a portion or portions of the material on a page

26  qualifies for protection, the Producing Party also must clearly identify the protected

27  portion(s) (e.g., by making appropriate markings in the margins) and must specify,

28  for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is**

**prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37-2 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the

1  movant has complied with the meet and confer requirements imposed by the
2  preceding paragraph.

3  　　　The burden of persuasion in any such challenge proceeding shall be on the
4  Designating Party.  Frivolous challenges, and those made for an improper purpose
5  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
6  expose the Challenging Party to sanctions.  Unless the Designating Party has waived
7  (by failing to file a motion to retain confidentiality as described above) or
8  withdrawn the confidentiality designation, all parties shall continue to afford the
9  material in question the level of protection to which it is entitled under the
10 Producing Party's designation until the Court rules on the challenge.

11 7.　　ACCESS TO AND USE OF PROTECTED MATERIAL

12 　　　7.1　Basic Principles.  A Receiving Party may use Protected Material that is
13 disclosed or produced by another Party or by a Non-Party in connection with this
14 Action only for prosecuting, defending or attempting to settle this Action.  Such
15 Protected Material may be disclosed only to the categories of persons and under the
16 conditions described in this Order.  When the Action has been terminated, a
17 Receiving Party must comply with the provisions of section 13 below (FINAL
18 DISPOSITION).

19 　　　Protected Material must be stored and maintained by a Receiving Party at a
20 location and in a secure manner that ensures that access is limited to the persons
21 authorized under this Order.

22 　　　7.2　Disclosure of "CONFIDENTIAL" Information or Items.  Unless
23 otherwise ordered by the court or permitted in writing by the Designating Party, a
24 Receiving Party may disclose any information or item designated
25 "CONFIDENTIAL" only to:

26 　　　　　(a)  the Receiving Party's Outside Counsel of Record in this Action, as
27 well as employees of said Outside Counsel of Record to whom it is reasonably
28 necessary to disclose the information for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

13

item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any

14

information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 5 business of delivering the request, the Party receives a written objection from the Designating

Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within two business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

16

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party

17

1    that some or all of the information requested is subject to a confidentiality

2    agreement with a Non-Party;

3              (2)  promptly provide the Non-Party with a copy of the Stipulated

4    Protective Order in this Action, the relevant discovery request(s), and a reasonably

5    specific description of the information requested; and

6              (3)  make the information requested available for inspection by the

7    Non-Party, if requested.

8              (c)  If the Non-Party fails to object or seek a protective order from this

9    court within 14 days of receiving the notice and accompanying information, the

10   Receiving Party may produce the Non-Party's confidential information responsive

11   to the discovery request.  If the Non-Party timely seeks a protective order, the

12   Receiving Party shall not produce any information in its possession or control that is

13   subject to the confidentiality agreement with the Non-Party before a determination

14   by the court.  Absent a court order to the contrary, the Non-Party shall bear the

15   burden and expense of seeking protection in this court of its Protected Material.

16   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18   Protected Material to any person or in any circumstance not authorized under this

19   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

20   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

21   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

22   persons to whom unauthorized disclosures were made of all the terms of this Order,

23   and (d) request such person or persons to execute the "Acknowledgment and

24   Agreement to Be Bound" that is attached hereto as Exhibit A.

25   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

26         PROTECTED MATERIAL

27         When a Producing Party gives notice to Receiving Parties that certain

28   inadvertently produced material is subject to a claim of privilege or other protection,

18

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the

19

Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  October 17, 2022                    MUNGER, TOLLES & OLSON LLP


                                            By: */s/ Kelly M. Klaus*
                                                KELLY M. KLAUS

                                            Attorneys for Defendant Netflix, Inc.

DATED:  October 17, 2022                    ONE LLP


                                            By: */s/ Peter Afrasiabi*
                                            —————————————————
                                               PETER AFRASIABI

                                            Attorneys for Plaintiff
                                            Hollywood Innovations Group, LLC


**Civil Local Rule 5-4.3.4 Attestation**

        Pursuant to Local Rule 5-4.3.4, I, Kelly M. Klaus, the ECF filer of this document, hereby attest that I obtained concurrence in the filing of this document from the other signatory.

DATED: October 17, 2022


                                            By:  */s/ Kelly M. Klaus*
                                            —————————————————
                                               KELLY M. KLAUS


                                **ORDER**


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED:   _October 17, 2022_____


—————————————————————
HON. GAIL J. STANDISH
United States Magistrate Judge

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

4   I, _____ [print or type full name], of

5   _____ [print or type full address], declare under penalty of perjury

6   that I have read in its entirety and understand the Stipulated Protective Order that

7   was issued by the United States District Court for the Central District of California

8   on _____, 2022 in the case of *Hollywood Innovations Group, LLC v.*

9   *Netflix, Inc., et al.*, case no. 2:21-cv-09423-TJH-GJS..  I agree to comply with and to

10  be bound by all the terms of this Stipulated Protective Order and I understand and

11  acknowledge that failure to so comply could expose me to sanctions and punishment

12  in the nature of contempt.  I solemnly promise that I will not disclose in any manner

13  any information or item that is subject to this Stipulated Protective Order to any

14  person or entity except in strict compliance with the provisions of this Order.

15  I further agree to submit to the jurisdiction of the United States District Court for the

16  Central District of California for the purpose of enforcing the terms of this

17  Stipulated Protective Order, even if such enforcement proceedings occur after

18  termination of this action.  I hereby appoint _____ [print

19  or type full name] of _____ [print or type

20  full address and telephone number] as my California agent for service of process in

21  connection with this action or any proceedings related to enforcement of this

22  Stipulated Protective Order.

23  Date: _____

24  City and State where sworn and signed: _____

25

26  Printed name: _____

27

28  Signature: _____