1  Peter R. Afrasiabi (SBN 193336)
   pafrasiabi@onellp.com
2  John Tehranian (SBN 211616)
   jtehranian@onellp.com
3  Christopher S. Skinner (SBN 342830)
   cskinner@onellp.com
4  **ONE LLP**
   23 Corporate Plaza
5  Suite 150-105
   Newport Beach, CA  92660
6  Telephone: (949) 502-2870
   Facsimile: (949) 258-5081
7
   Samuel J Salario, Jr. *(Pro Hac Vice)*
8  **BRANNOCK HUMPHRIES & BERMAN**
   1111 West Cass Street, Suite 200
9  Tampa, Florida 33606

10 Attorneys for Plaintiff,
   Hollywood Innovations Group, LLC
11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14                           WESTERN DIVISION

| | |
|---|---|
| 15  HOLLYWOOD INNOVATIONS GROUP, LLC, a California corporation, | Case No. 2:21-cv-09423-TJH(GJSx) Hon. Terry J. Hatter, Jr |
| 16                Plaintiff, | |
| 17         v. | **JOINT RULE 26(f) REPORT** |
| 18  NETFLIX, INC., a Delaware corporation; ZIP CINEMA CO., LTD., a South Korea corporation; KAKAO ENTERTAINMENT CORP., a South Korean Corporation, PERSPECTIVE PICTURES CO., LTD., a South Korea corporation; and DOES 1-10, inclusive, | |
| 22                Defendants. | |

49903340.2                    **JOINT RULE 26(f) REPORT**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff Hollywood Innovations Group, Inc. and Defendant Netflix, Inc., (collectively the "Parties") submit this Joint Rule 26(f) Report after conducting their Rule 16 conference among the undersigned counsel on September 9, 2022:

A.   **STATEMENT OF CASE**

   1.   **Plaintiff's Statement**

The genesis of this copyright infringement action dates to July 28, 2018, when non-party Matt Naylor entered into a license agreement with Defendants Zip Cinema Co., Ltd., and Perspective Pictures Co., Ltd. (collectively, the "Korean Producers"), authorizing the Korean Producers to make one Korean-language movie based on Naylor's script *Devour*. And the Korean Producers did make a Korean-language film, titling it *#Saraitda*. *#Saraitda* was a box office smash, dominating 62% of the Korean box office, surpassing two million in theatrical admissions, and grossing nearly $15 million in ticket sales, despite the global downturn due to the COVID-19 pandemic.

On April 1, 2019, Naylor entered into an agreement with Rabih Aridi, granting and assigning Aridi all copyright interests to the *Devour* script. Shortly thereafter, Aridi entered into an assignment agreement with Devour LLC, assigned to Devour LLC all of Aridi's rights under the agreement with Naylor. Devour LLC, in turn, assigned the rights it acquired from Aridi to Plaintiff: "all right, title, and interest in and to" an English language movie based on Naylor's script together with "all now or hereafter existing rights of every kind and character whatsoever therein, . . . including all . . . scripts. . . as well as all copies of any and all manuscripts thereof . . . and all versions and translations thereof."

Netflix ostensibly acquired international distribution rights in the Korean language film pursuant to a license agreement with an entity named Lotte Entertainment, which had acquired whatever rights the Korean Producers possessed and was working in concert and privity with said Korean Producers. However, using

sophisticated technology, Netflix released high-quality dubbed and subtitled versions of *#Saraitda* as *#Alive* on its streaming platform. This effectively destroyed the market for the English language film Plaintiff was developing starring Donald Sutherland and Tyler Posey, which was titled *Alone*.

Netflix filed to dismiss Plaintiff's claim for copyright infringement pursuant to Rule 12, which the Court rejected. Netflix filed its Answer on September 8, 2022.

The non-Netflix defendants have been served written discovery and depositions will be taken in October for briefing per the Court's order this Fall on the personal jurisdiction question. The schedule proposed herein assumes they will be added and provides them enough time to conduct discovery if that occurs.

## 2. Defendant Netflix's Statement

Plaintiff does not control the right under copyright that it claims Netflix infringed and therefore has no standing to sue Netflix for infringement. It is undisputed that Matt Naylor authored the screenplay for a zombie-apocalypse movie that was used in developing two different works: (1) the hit Korean film *#Saraitda*, which was translated into English as *#Alive*; and (2) HIG's *Alone*. It also is undisputed that (1) Naylor granted Defendants Zip and Perspective the rights to create and globally exploit *#Saraitda* and (2) that those rights were licensed to non-party Lotte Cultureworks Co. ("Lotte"), and eventually to Netflix. And, it is undisputed that when Naylor, after granting rights to Zip/Perspective, licensed rights to the screenplay to HIG, Naylor did not license any rights set forth in his earlier agreement with Zip/Perspective.

Naylor could not and did not grant HIG the right to create and distribute a translated version of *#Saraitda*, because he already granted that right to Zip/Perspective, and that right was ultimately transferred to Netflix. This result follows under the language of the Naylor-Zip/Persepctive agreement, and also by operation of Korean law, which expressly governs the agreement between Naylor and Zip/Perspective. Specifically, under Article 99 of the Korean Copyright Act,

because Naylor "authorize[d] another person [Zip and Perspective] to exploit his/her work [the script] by means of cinematization [making *#Saraitda*]," Naylor's authorization was "presumed to include" the right "to exploit the translation of" the same "cinematographic work [*#Saraitda*]." This presumption can only be overcome by an express contractual provision to the contrary. The Naylor/Zip Agreement contains no such provision. On the contrary, Naylor expressly granted Zip and Perspective global authorization rights. Those rights included the right to translate *#Saraitda* for exploitation in other countries. In short, Naylor did not grant HIG the right to translate *#Saraitda*. HIG has no claim that Netflix infringed any right HIG controls by dubbing and subtitling *#Saraitda*.

Netflix anticipates that all parties to the agreement between Zip/Perspective and Naylor will testify that Naylor intended to grant, and Zip/Perspective understood they were acquiring, the right to translate *#Saraitda*. HIG lacks standing to challenge the meaning of an agreement to which it was not a party and, in any event, cannot overcome the understanding of the parties to that agreement.

**B.   SUBJECT MATTER JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

**C.   LEGAL ISSUES**

    **1.   Plaintiff's Legal Issues**

The key legal issues are: (1) whether Netflix's dubbed and subtitled versions of *#Saraitda* constitute an infringement under 17 U.S.C. §§ 106(1)–(4); (2) the knowledge and recklessness of defendants in the alleged infringement; (4) personal jurisdiction over Zip/Perspective which is pending currently in discovery for further briefing this Fall per the Court's order; and (4) the amount of damages to which Plaintiff is entitled.

//

//

## 2. Defendant Netflix's Legal Issues

Whether HIG owns the exclusive right to translate *#Saraitda* such that it has and whether it has standing to claim infringement based on Netflix's dubbing and subtitling of that film.

Whether HIG can establish that Netflix's dubbing or subtitling of *#Saraitda* actually constitutes copyright infringement, even if HIG can establish that it owns any exclusive rights in *#Saraitda*.

Whether HIG can establish that any infringement is actionable under the United States Copyright Act.

Whether Netflix acquired the right to distribute *#Saraitda* in "all languages" from non-party Lotte.

Whether, if HIG's claim against Zip and Perspective is dismissed for lack of jurisdiction, HIG's claim against Netflix should be dismissed under the doctrine of forum non conveniens or for failure to join necessary parties.

Whether, if HIG can establish liability, HIG can meet its burdens to prove damages.

### D. PARTIES, EVIDENCE, ETC.

#### Parties

**Plaintiff:** Hollywood Innovations Group, LLC. Plaintiff has no parent or subsidiary.

**Defendant Netflix**: Netflix, Inc. has no parent company, and no public company owns ten percent (10%) or more of Netflix, Inc.

#### Percipient Witnesses

**Plaintiff:** Among others: Matt Naylor; Rabih Aridi, Anne Jordan, Johnny Martin; Netflix's PMK; Zip's PMK; Perspective's PMK; Lee Yoo Jin; Saerom Kim; others to be identified through discovery; Experts on calculations and damages; Lotte Entertainment.

**Defendants:** Rabih Aridi; HIG 30(b)(6) (unknown); Matt Naylor (third

party); ; Anne Jordan (third party); Johnny Martin (third party); GlobalGate Entertainment (third party); Zip 30(b)(6), Perspective 30(b)(6); Lotte Cultureworks/Lotte Entertainment (third party).

### Key Documents

**Plaintiff:** the Naylor-Zip Agreement dated July 28, 2018; the Literary Purchase Agreement dated April 1, 2019; the assignment agreement between Aridi and Devour LLC dated May 1, 2019; the assignment agreement between Devour LLC and Plaintiff; Zip-Lotte contract; Lotte-Netflix contract; Plaintiff's registration of Naylor's script with the Copyright Office, under registration number TX0008796763, and its registration of its film; communications regarding about the translation of *#Saraitda* amongst the Defendants; communications between Naylor and Martin and others; Netflix viewership data for Plaintiff's expert to quantify damages; and all other relevant documents disclosed through discovery.

**Defendants:** Agreement between Naylor, Zip and Perspective; agreement between Zip and Lotte Entertainment; agreement between Lotte Entertainment and Netflix; agreement between Naylor and Rabih Aridi; agreements between Aridi and HIG and Devour LLC; Alone and #Alive; as-aired scripts for Alone and #Alive.

**E.    DAMAGES**

**Plaintiff:** Actual damages, disgorgement of profits, and/or statutory damages. to be determined.

**Defendant Netflix:** If liability is established, damages will be disputed

**F.    INSURANCE**

**Plaintiff:** Plaintiff is unaware of any applicable insurance policies.

**Defendant Netflix:** Samsung Fire and Marine (Lotte is policy holder).

**G.    DISPOSITIVE MOTIONS**

**Plaintiff:** Plaintiff expects to file a motion for summary judgment on Netflix's liability for copyright infringement.

**Defendant Netflix:** Netflix expects to file a motion for summary judgment

on at least HIG's ownership of the allegedly infringed right.

## H. MANUAL FOR COMPLEX LITIGATION

The Parties agree that the procedures contemplated by the manual for complex litigation are unnecessary for this dispute.

## I. STATUS OF DISCOVERY

**Plaintiff:** After the parties did their Rule 16 meeting of counsel on September 9, Plaintiff has issued discovery to Netflix as of 9/21/22 and early October. In early September Plaintiff served jurisdictional written discovery on Zip/Perspective and noticed depositions for October to address the jurisdictional discovery permitted by this Court. Plaintiff has also issued third-party document discovery as well as a deposition to Matt Naylor, and tentatively noticed some limited depositions of Netflix personnel on limited issues.

**Defendant Netflix:** Netflix served written discovery to HIG on September 15, 2022. Netflix to date has served third-party discovery on Lionsgate Entertainment; GlobalGate Entertainment; Johnny Martin; and Anne Jordan.

## J. DISCOVERY PLAN

**Plaintiff:** Plaintiff intends to conduct discovery on the following: (1) contracts related to the acquisition and distribution of the film *#Saratida*; (2) contracts for dubbing and subtitling of the film *#Saraitda* into different languages; (3) documents that mention or relate to payments for dubbing of the film *#Saratida* into different languages; (4) non-attorney client privileged/work product documents that mention *#Saraitda*; (5) Netflix's due diligence for the acquisition of *#Saraitda* for dubbing/subtitling and release on its streaming network and its chain-of-title; (6) communications between Netflix or its agents and Naylor relating to Alone, *#Alive* or *#Saraitda*; (7) monies Netflix paid for the acquisition of *#Saraitda*; (8) non-attorney client/work product privilege documents and communications regarding the commercial success of *#Alive*; and (9) data from Netflix for plaintiff's expert to quantify damages as well as

documents related to how Netflix quantifies commercial success and viewership of its releases.

**Defendant Netflix:** The issues in this case are narrow. Discovery likewise should be narrow and focused. Many of the categories of documents Plaintiffs claim to require – for instance, about contracts relating to "dubbing" – have nothing to do with whether Plaintiff actually has the rights it claims it is vindicating through this action, or whether, if it has those rights, the rights were infringed. Netflix has already served document requests relating to the factual allegations made in Plaintiff's complaint; the cost and profitability of Plaintiff's film; and communications between Plaintiff or its principals and Matt Naylor. Netflix anticipates that it will seek to depose Aridi and a 30(b)(6) witness for HIG, as well as Naylor (a third party)

### K.   DISCOVERY CUT-OFF

**Joint:** The parties propose a discovery cutoff of March 27, 2023. The parties propose a summary judgment briefing schedule as follows: (1) Opening Briefs - June 5, 2023; (2) Opposition Briefs – June 26, 2023; (3) Reply Briefs – July 10, 2023, all to stand submitted as of July 10, 2023 per the Court's standing order, unless the Court requires oral argument.

### L.   EXPERT DISCOVERY

**Joint Proposal:** The parties propose the following expert discovery schedule:
- April 3: Opening expert reports due
- May 3: Rebuttal reports due
  - Includes Defendant's Damages Expert Reports rebutting Plaintiffs' Damages Expert Reports and addressing all damages issues on which Defendants bear the burden of proof including deductible expenses and apportionment
  - May 15: Plaintiff's damages expert reply/rebuttal reports limited to rebuttal opinions on damages issues on which Defendants have the burden of proof that are addressed in Defendant's Damages Expert Reports
  - May 22: Defendants' reply limited to issues on which D's bear the burden and

are address in Plaintiff's reply.
- May 31: Close of expert discovery

## M. SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")

**Plaintiff & Defendant Netflix:** Plaintiff and Netflix participated in a confidential mediation with the Honorable Jay Gandhi (Ret.) in July 2022. The parties did not settle.

## N. TRIAL ESTIMATE

**Plaintiff:** Plaintiff's preliminary estimate for the length of trial is 7-8 days. Plaintiff expects to call up to 10 witnesses at trial. There is also a possible issue of needing translators for certain witnesses which may augment the time slightly.

**Defendant Netflix:** 3-5 days. Defendant Netflix expects to call 4-6 witnesses, including experts.

The parties jointly propose a trial date of September 12, 2023.

## O. TRIAL COUNSEL

**Plaintiff:** Plaintiff will be represented at trial by Peter R. Afrasiabi, John Tehranian, and Samuel J Salario, Jr.

**Defendants:**

## P. INDEPENDENT EXPERT OF MASTER

The Parties do not believe that an Independent Expert or Master is necessary.

Dated: November 23, 2022                    **ONE LLP**

                                            By: /s/ Peter Afrasiabi
                                                Peter Afrasiabi, Esq.
                                                John Tehranian, Esq.
                                                Christopher S. Skinner, Esq.
                                                **ONE LLP**

                                                Samuel J Salario Jr., Esq.
                                                **BRANNOCK HUMPHRIES &**

| | |
|---|---|
| | **BERMAN** |
| | Attorneys for Plaintiff, Hollywood Innovations Group, LLC |
| Dated: November 23, 2022 | **MUNGER, TOLLES & OLSON LLP** |
| | By: /s/ John L. Schwab |
| | Kelly M. Klaus, Esq. |
| | John L. Schwab, Esq. |
| | Mica L. Moore, Esq. |
| | Attorneys for Defendant Netflix, Inc. |

**JOINT RULE 26(f) REPORT**

49903340.2

# ATTESTION OF PETER R. AFRASIABI

Pursuant to Local Rule 5-4.3.4(2)(i), I, Peter R. Afrasiabi, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By: /s/ Peter Afrasiabi
Peter Afrasiabi, Esq.